**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Crim. No. 04-CR-80482-DT-6

v.                                    Civil No. 06-CV-12564-DT

MAI THI LE,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Pending before the court is Defendant Mai Thi Le's June 8, 2006 motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence in light of *United States v. Booker*, 543 U.S. 220 (2005) and her deteriorating physical and mental health. For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

Defendant Mai Thi Le pleaded guilty to conspiracy to possess with intent to distribute marijuana, conspiracy to launder money and bulk cash smuggling. As part of the plea agreement, the Government filed a motion pursuant to USSG § 5K1.1, requesting a downward departure from the applicable guideline range of 57 to 71 months because Defendant provided substantial assistance in the investigation and prosecution of other parties. At Defendant's April 7, 2005 sentencing, the court granted the Government's motion and imposed concurrent 36-month sentences on each count. The court's judgment was filed that same day. Defendant has not appealed her conviction or sentence.

On June 9, 2006, Defendant filed this motion to vacate her sentence, claiming (1) that she should be resentenced in light of *Booker* and (2) that the court should reduce her sentence and allow Defendant to serve her remaining time at a halfway house because of her deteriorating health and limited access to health care in prison.

## II.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained.  *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

### A.  Timeliness

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations period.  Except in circumstances not present here, the limitations period begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.  Because Defendant did not appeal her conviction or sentence, Defendant's conviction became final when her ten-day period to appeal had expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n

2

unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Defendant did not file her § 2255 motion until fourteen months after her conviction. Accordingly, her untimely motion is barred by the applicable one-year statute of limitations. Even if Defendant's motion was timely, however, it would still fail on the merits for the reasons stated below.

## B. *Booker* Re-Sentencing

In her first argument, Defendant asks the court "to find plain error and to remand for re-sentencing" in light of *Booker*'s holding that the sentencing guidelines are no longer mandatory. (Pl.'s Mot. at 7.) Defendant rests this basis for re-sentencing entirely on *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), which is inapplicable to this case. In *Barnett*, the district court sentenced the defendant under the then-mandatory sentencing guidelines, and Barnett filed his notice of appeal after the Supreme Court issued *Booker*. *Id.* at 521. On appeal, the Sixth Circuit presumed prejudice and remanded the case for re-sentencing in light of the now advisory nature of the sentencing guidelines. *Id.* at 530. In the instant case, however, Defendant was initially sentenced post-*Booker*, and does not qualify for an automatic re-sentencing in light of that decision.

Even if, however, Defendant is attempting to argue that the court improperly believed that the guidelines were mandatory despite the Supreme Court's holding in *Booker*, Defendant is precluded from doing so because she failed to raise this claim on direct appeal. "Where a defendant has procedurally defaulted a claim by failing to raise

3

it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Because Defendant has not even attempted to demonstrate cause and prejudice justifying her failure to raise her claim on direct appeal, or actual innocence, Defendant's claim is procedurally defaulted. *See Driy v. United States*, No. 05-848, 2006 WL 897134 (W.D. Mich. April 4, 2006).[1]

### C. Defendant's Health

Defendant also claims that her physical and mental health problems qualify her for a reduced sentence served at a halfway house. The court is unclear whether Defendant is arguing that her health problems somehow invalidate her sentence, or whether Defendant is challenging the manner in which the sentence was executed. To the extent that Defendant is contesting the execution of her sentence, this claim is not cognizable under § 2255. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (finding that the district court did not have jurisdiction under § 2255 to hear a challenge to the place of imprisonment rather than the conviction itself).

To the extent that Defendant contends that her mental health renders her sentence invalid under either USSG § 5K2.13 (diminished mental capacity ) or § 5H1.3 (mental and emotional conditions), this argument has already been waived. The proper time for the court to have considered Defendant's mental, emotional, and physical health was at the sentencing hearing. *See Grant v. United States*, 72 F.3d 503, 506

---

[1] Moreover, Defendant has failed to present any evidence that would even suggest that the court misapplied, or failed to apply, *Booker*.

4

(6th Cir. 1996) ("[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process."). Defendant did not, however, challenge the portions of the presentence report that addressed these issues at her sentencing hearing or on appeal. Furthermore, Defendant has failed to show that this alleged error resulted in a denial of due process, which would permit the court to hear her claim despite this waiver. *See id.* ("[N]onconstitutional errors, such as mistakes in the guidelines, will rarely, if ever, warrant relief from the consequences of waiver."). Accordingly, the court will deny Defendant's unsubstantiated, procedurally defaulted claim.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Dkt # 184] is DENIED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2006, by electronic and/or ordinary mail.


s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522